**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**MEGAN R. GYONGYOS, ESQ. (SBN 285476)**
Email: mgyongyos@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiff

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY HENSON, an individual, | **CASE NO.: 5:17-CV-01926 ODW (KKx)** |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| v. | |
| COUNTY OF RIVERSIDE, a municipal entity, DEPUTY BRENT CISNEROS, an individual, and DOES 1 through 10, inclusive, | 1. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Force)** |
| Defendants. | 2. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)** |
| | 3. **Battery (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)** |
| | 4. **Negligence (Cal. Government Code §§ 815.2(a), 820(a))** |
| | **DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2.      Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3.      At all times relevant to the acts and omissions herein alleged, Plaintiff TY HENSON (hereinafter "Plaintiff") was a resident of the County of Riverside, State of California.

4.      Defendant COUNTY OF RIVERSIDE (hereinafter "COUNTY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5.      Plaintiff is informed, believes, and thereon alleges that Defendant DEPUTY BRENT CISNEROS (hereinafter "DEPUTY CISNEROS") is, and at all relevant times mentioned herein was, a resident of the County of Riverside and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant DEPUTY CISNEROS was a sheriff's deputy employed by the Defendant COUNTY and the Riverside County Sheriff's Department, and was acting under color of state law and in the course and scope of his employment with the Defendant COUNTY and the Riverside County Sheriff's Department.

6.      On or around May 2, 2017, a timely Claim for Damages was submitted to the County of Riverside in substantial compliance with California Government Code § 910, et seq. As of the date of the filing of this Complaint, said Claim has been denied.

7.      Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

8.     Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

9.     Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

10.     This Complaint arises out of an incident that occurred during the afternoon hours of Thursday, February 23, 2017, in or around the 21400 block of River Road in the City of Perris, County of Riverside, and State of California. On the afternoon of February 23, 2017, Plaintiff was inside a laundry room on the premises of a residential property located in or around the 21400 block of River Road when Defendant DEPUTY CISNEROS and two other Riverside County Sheriff's Department deputies, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the Riverside County Sheriff's Department, negligently assessed the circumstances presented to them, kicked in and/or otherwise forcibly opened the door to the room that Plaintiff was in without identifying themselves as law enforcement officers outside the room or otherwise announcing their presence outside

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

the room or giving Plaintiff any warning, and then proceeded to violently confront Plaintiff. When the involved deputies kicked in and/or otherwise forcibly opened the door to the room that Plaintiff was in and violently confronted Plaintiff, Plaintiff was lawfully on the premises of the residential property located in or around the 21400 block of River Road, was not armed with any kind of weapon, and had not committed any criminal offense.

11.     Without warning, Defendant DEPUTY CISNEROS proceeded to subject Plaintiff to unreasonable and excessive force, inflicted through the unreasonable and excessive deployment and use of a police canine, through the failure and/or refusal to terminate the unreasonable and excessive deployment and use of the police canine, and through the improper and excessive use of restraint procedures, which caused Plaintiff to suffer severe and debilitating bite injuries. Following the use of force incident, the involved deputies denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to his constitutional rights. Throughout the time in which Defendant DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Plaintiff was not resisting or fleeing from the involved deputies or the police canine, was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he had committed or was about to commit, any criminal offense, and was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat to the safety of any person. Plaintiff did nothing to justify the force used against him, and the same was excessive, unnecessary, and unlawful.

12.     Both prior to and during the time in which Defendant DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Plaintiff had committed no criminal offense, was not armed with any kind of weapon, and posed no reasonable or credible threat to the safety of Defendant DEPUTY CISNEROS, the police

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

**The**
**Cochran**
**Firm**
**California**
4929 Wilshire Bl.
Suite 1010
(323)435-8205

canine, or any other person. Both prior to and during the time in which Defendant DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Plaintiff was not resisting or fleeing from the involved deputies or the police canine, was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he had committed or was about to commit, any criminal offense, and was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat to the safety of any person. Both prior to and during the time in which Defendant DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Plaintiff made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which Defendant DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Defendant DEPUTY CISNEROS was not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that Plaintiff posed a risk of injury to any person.

## FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff TY HENSON Against Defendant DEPUTY BRENT CISNEROS for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Force)**

13.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

14.     This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights,

privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

15.    Plaintiff is informed, believes, and thereupon alleges that at all times mentioned herein, the Defendant COUNTY employed the individual Defendants named herein, including Defendant DEPUTY CISNEROS. The Defendant COUNTY provided its individual employees and agents, including Defendant DEPUTY CISNEROS, with official badges and identification cards which designated and described the bearers as employees of the Defendant COUNTY and the Riverside County Sheriff's Department.

16.    Plaintiff is informed, believes, and thereon alleges that at all times relevant to the acts and omissions herein alleged, Defendant DEPUTY CISNEROS was employed by the Defendant COUNTY and the Riverside County Sheriff's Department and was acting under color of state law and in the course and scope of his employment with the Defendant COUNTY and the Riverside County Sheriff's Department.

17.    During the afternoon hours of February 23, 2017, Plaintiff was inside a laundry room on the premises of a residential property located in or around the 21400 block of River Road when Defendant DEPUTY CISNEROS and two other Riverside County Sheriff's Department deputies, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the Riverside County Sheriff's Department, kicked in and/or otherwise forcibly opened the door to the room that Plaintiff was in without identifying themselves as law enforcement officers outside the room or otherwise announcing their presence outside the room or giving Plaintiff any warning, and then proceeded to violently confront Plaintiff. When the involved deputies kicked in and/or otherwise forcibly opened the door to the room that Plaintiff was in and violently confronted Plaintiff, Plaintiff was lawfully on the premises of the residential property located in or around the 21400 block of River Road, was not armed with any kind of weapon, and had not committed any criminal offense.

///

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

18.     Without warning, Defendant DEPUTY CISNEROS proceeded to subject Plaintiff to unreasonable and excessive force, inflicted through the unreasonable and excessive deployment and use of a police canine, through the failure and/or refusal to terminate the unreasonable and excessive deployment and use of the police canine, and through the improper and excessive use of restraint procedures, which caused Plaintiff to suffer severe and debilitating bite injuries. Following the use of force incident, the involved deputies denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to his constitutional rights. Throughout the time in which Defendant DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Plaintiff was not resisting or fleeing from the involved deputies or the police canine, was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he had committed or was about to commit, any criminal offense, and was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat to the safety of any person. Plaintiff did nothing to justify the force used against him, and the same was excessive, unnecessary, and unlawful.

19.     Both prior to and during the time in which Defendant DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Plaintiff had committed no criminal offense, was not armed with any kind of weapon, and posed no reasonable or credible threat to the safety of Defendant DEPUTY CISNEROS, the police canine, or any other person. Both prior to and during the time in which Defendant DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Plaintiff was not resisting or fleeing from the involved deputies or the police canine, was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he had committed or was about to commit, any criminal

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

7

offense, and was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat to the safety of any person. Both prior to and during the time in which Defendant DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Plaintiff made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which Defendant DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Defendant DEPUTY CISNEROS was not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that Plaintiff posed a risk of injury to any person.

20.     At all times mentioned herein, Defendant DEPUTY CISNEROS acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY. Defendant DEPUTY CISNEROS deprived Plaintiff of the rights, privileges, and/or immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

21.     Plaintiff had the right to be free from unreasonable governmental seizures of his person, a right which was secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of Defendant DEPUTY CISNEROS, which proximately caused Plaintiff to suffer severe and debilitating injuries, including severe and debilitating bite injuries.

///

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

22.     Plaintiff is informed and believes, and thereupon alleges, that in unreasonably seizing his person, as described in the foregoing paragraphs of this Complaint, Defendant DEPUTY CISNEROS acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant DEPUTY CISNEROS in an amount to be proven at the trial of this matter.

23.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY CISNEROS, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY CISNEROS, Plaintiff was subjected to the unreasonable and excessive deployment and use of a police canine and to the improper and excessive use of restraint procedures on February 23, 2017, and suffered severe and debilitating injuries, including severe and debilitating bite injuries.

24.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY CISNEROS, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in an amount according to proof at trial.

25.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY CISNEROS, Plaintiff has lost earning capacity in an amount according to proof at trial, and will lose wages and earnings in the future in an amount according to proof at trial.

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

26.     Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION

**(By Plaintiff TY HENSON Against Defendant COUNTY OF RIVERSIDE for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unconstitutional Policy, Practice or Custom)**

27.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

28.     This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

29.     Plaintiff is informed, believes, and thereupon alleges that at all times mentioned herein, the Defendant COUNTY employed the individual Defendants named herein, including Defendant DEPUTY CISNEROS. The Defendant COUNTY provided its individual employees and agents, including Defendant DEPUTY CISNEROS, with official badges and identification cards which designated and described the bearers as employees of the Defendant COUNTY and the Riverside County Sheriff's Department.

30.     As set forth in the foregoing paragraphs of this Complaint, Defendant DEPUTY CISNEROS, while acting under color of state law and in the course and scope of his employment with the Defendant COUNTY and the Riverside County Sheriff's Department, violated the Fourth Amendment rights of Plaintiff by acts which included, but were not limited to, subjecting Plaintiff to unreasonable and excessive force, inflicted through the unreasonable and excessive deployment and use of a police canine, through the failure and/or refusal to terminate the unreasonable and excessive deployment and use of the police canine, and through the improper and excessive use of restraint procedures. As described in this Complaint, the conduct of Defendant DEPUTY

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

CISNEROS in subjecting Plaintiff to the unreasonable and excessive deployment and use of a police canine, in failing and/or refusing to terminate the unreasonable and excessive deployment and use of the police canine, and in subjecting Plaintiff to the improper and excessive use of restraint procedures, was an unconstitutional display of an unreasonable seizure, and of the unreasonable and excessive use of force, which violated Plaintiff's Fourth Amendment right to be free from unreasonable governmental seizures of his person.

31. Plaintiff is informed and believes, and thereupon alleges, that the conduct of Defendant DEPUTY CISNEROS in subjecting Plaintiff, an unarmed man who posed no reasonable or credible threat to the safety of any person and had not committed any crime, to the unreasonable and excessive deployment and use of a police canine, in failing and/or refusing to terminate the unreasonable and excessive deployment and use of the police canine, and in subjecting Plaintiff to the improper and excessive use of restraint procedures, demonstrated that Defendant DEPUTY CISNEROS' training was inadequate to allow him to handle the usual and recurring situations faced by Riverside County Sheriff's Department deputies, as evidenced by the following specific actions and omissions of Defendant DEPUTY CISNEROS in his response to the subject incident:

a. The tactical standard of care for law enforcement agencies similarly situated to the Riverside County Sheriff's Department is for law enforcement officers employed by such agencies to utilize appropriate tactical procedures concerning the reasonable and proper deployment of police canines that may engage in the search for and/or apprehension of suspects, arrestees, or civilians so as to avoid the unreasonable and excessive application of force inflicted by police canines under their control. Both prior to and during the time which Defendant DEPUTY CISNEROS subjected Plaintiff to the unreasonable deployment and use of his police canine, he acted in flagrant contravention of the tactical protocols that would utilized by similarly

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

situated law enforcement officers employed by similarly situated law enforcement agencies concerning the reasonable and proper deployment of police canines that may engage in the search for and/or apprehension of suspects, arrestees, or civilians so as to avoid the unreasonable and excessive application of force inflicted by police canines under their control.

b.   The tactical standard of care for law enforcement agencies similarly situated to the Riverside County Sheriff's Department is for law enforcement officers employed by such agencies to utilize appropriate tactical procedures to identify suspects, arrestees, or civilians who may be subjected to apprehensions by police canines. Both prior to and during the time which Defendant DEPUTY CISNEROS subjected Plaintiff to the unreasonable deployment and use of his police canine, he acted in flagrant contravention of the tactical protocols that would be utilized by similarly situated law enforcement officers employed by similarly situated law enforcement agencies concerning the identification of suspects, arrestees, or civilians who may be subjected to apprehensions by police canines.

c.   The tactical standard of care for law enforcement agencies similarly situated to the Riverside County Sheriff's Department is for law enforcement officers employed by such agencies to utilize appropriate tactical procedures to warn suspects, arrestees, or civilians who may be subjected to apprehensions by police canines prior to the deployment of the police canines upon suspects, arrestees, or civilians. Both prior to and during the time which Defendant DEPUTY CISNEROS subjected Plaintiff to the unreasonable deployment and use of his police canine, he acted in flagrant contravention of the tactical protocols that would be utilized by similarly situated law enforcement officers employed by similarly situated law enforcement agencies concerning the giving of warnings to suspects,

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

arrestees, or civilians who may be subjected to apprehensions by police canines prior to the deployment of the police canines.

d.      The tactical standard of care for law enforcement agencies similarly situated to the Riverside County Sheriff's Department is for law enforcement officers employed by such agencies to utilize appropriate tactical procedures to effectively communicate with police canines that may engage in the search for and/or apprehension of suspects, arrestees, or civilians. Both prior to and during the time in which Defendant DEPUTY CISNEROS subjected Plaintiff to the unreasonable deployment and use of his police canine, he acted in flagrant contravention of the tactical protocols that would be utilized by similarly situated law enforcement officers employed by similarly situated law enforcement agencies concerning effective communication with police canines that may engage in the search for and/or apprehension of suspects, arrestees, or civilians.

32.     Plaintiff is informed and believes, and thereupon alleges, that prior to February 23, 2017, Defendant DEPUTY CISNEROS received training and instruction in police tactics and procedures from the Riverside County Sheriff's Department in ways which included, but were not limited to, his attendance at a police academy, his attendance at departmental briefings, his attendance at mandatory and voluntary training seminars, his attendance at roll call at his respective station(s) prior to his assigned shift(s), his receipt of departmental training manuals, his receipt of departmental training bulletins, and his receipt of additional departmental correspondence and electronic mails.

33.     Both prior to and on February 23, 2017, encounters with suspects and civilians, such as Plaintiff, were common among Riverside County Sheriff's Department deputies similarly situated to Defendant DEPUTY CISNEROS and such encounters were a recurring situation faced by Riverside County Sheriff's Department deputies similarly situated to Defendant DEPUTY CISNEROS.

///

34.     Plaintiff is informed and believes, and thereupon alleges, that those individuals responsible for training Defendant DEPUTY CISNEROS, including, but not limited to, his respective field training deputies, watch commanders, shift commanders, training deputies, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking deputies, and authorized policy makers and decision makers within the Riverside County Sheriff's Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to sheriff's deputies similarly situated to Defendant DEPUTY CISNEROS would be that unarmed and non-dangerous civilians, such as Plaintiff, would suffer constitutional deprivations from the unreasonable and excessive use of force.

35.     Plaintiff is informed and believes, and thereupon alleges, that notwithstanding the fact that the training personnel responsible for training Defendant DEPUTY CISNEROS, including, but not limited to, his respective field training deputies, watch commanders, shift commanders, training deputies, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking deputies, and authorized policy makers and decision makers within the Riverside County Sheriff's Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to sheriff's deputies similarly situated to Defendant DEPUTY CISNEROS would be that unarmed and non-dangerous civilians, such as Plaintiff, would suffer constitutional deprivations from the unreasonable and excessive use of force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above enumerated areas.

36.     Plaintiff is informed and believes, and thereupon alleges, that the failure of the Riverside County Sheriff's Department to provide adequate training to Defendant

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

**THE**
**COCHRAN**
**FIRM**
**CALIFORNIA**
4929 Wilshire Bl.
Suite 1010
(323)435-8205

DEPUTY CISNEROS, as described in the foregoing paragraphs of this Complaint, caused Plaintiff to suffer Fourth Amendment violations resulting from the unreasonable use of force, as previously described in this Complaint.

37.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY CISNEROS, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY CISNEROS, Plaintiff was subjected to the unreasonable and excessive deployment and use of a police canine and to improper and excessive use of restraint procedures on February 23, 2017, and suffered severe and debilitating injuries, including severe and debilitating bite injuries.

38.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY CISNEROS, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in an amount according to proof at trial.

39.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY CISNEROS, Plaintiff has lost earning capacity in an amount according to proof at trial, and will lose wages and earnings in the future in an amount according to proof at trial.

40.     Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

///

///

///

///

## FOR THE THIRD CAUSE OF ACTION

### (By Plaintiff TY HENSON Against All Defendants for Battery
### [Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43])

41.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

42.     All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

43.     During the afternoon hours of February 23, 2017, Plaintiff was inside a laundry room on the premises of a residential property located in or around the 21400 block of River Road when Defendant DEPUTY CISNEROS and two other Riverside County Sheriff's Department deputies, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the Riverside County Sheriff's Department, kicked in and/or otherwise forcibly opened the door to the room that Plaintiff was in without identifying themselves as law enforcement officers outside the room or otherwise announcing their presence outside the room or giving Plaintiff any warning, and then proceeded to violently confront Plaintiff. When the involved deputies kicked in and/or otherwise forcibly opened the door to the room that Plaintiff was in and violently confronted Plaintiff, Plaintiff was lawfully on the premises of the residential property located in or around the 21400 block of River Road, was not armed with any kind of weapon, and had not committed any criminal offense.

44.     Without warning, Defendant DEPUTY CISNEROS proceeded to subject Plaintiff to unreasonable and excessive force, inflicted through the unreasonable and excessive deployment and use of a police canine, through the failure and/or refusal to terminate the unreasonable and excessive deployment and use of the police canine, and through the improper and excessive use of restraint procedures, which caused Plaintiff to suffer severe and debilitating bite injuries. Throughout the time in which Defendant

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Plaintiff was not resisting or fleeing from the involved deputies or the police canine, was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he had committed or was about to commit, any criminal offense, and was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat to the safety of any person. Plaintiff did nothing to justify the force used against him, and the same was excessive, unnecessary, and unlawful.

45.     Both prior to and during the time in which Defendant DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Plaintiff had committed no criminal offense, was not armed with any kind of weapon, and posed no reasonable or credible threat to the safety of Defendant DEPUTY CISNEROS, the police canine, or any other person. Both prior to and during the time in which Defendant DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Plaintiff was not resisting or fleeing from the involved deputies or the police canine, was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he had committed or was about to commit, any criminal offense, and was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat to the safety of any person. Both prior to and during the time in which Defendant DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Plaintiff made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

against any individual. Both prior to and during the time in which Defendant DEPUTY CISNEROS was subjecting Plaintiff to the unreasonable and excessive deployment and use of the police canine and to the improper and excessive use of restraint procedures, Defendant DEPUTY CISNEROS was not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that Plaintiff posed a risk of injury to any person.

46.     Plaintiff is informed and believes, and thereupon alleges, that in assaulting and battering him, as described in the foregoing paragraphs of this Complaint, Defendant DEPUTY CISNEROS acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive Plaintiff of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant DEPUTY CISNEROS in an amount to be proven at the trial of this matter.

47.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY CISNEROS, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY CISNEROS, Plaintiff was subjected to the unreasonable and excessive deployment and use of a police canine and to the improper and excessive use of restraint procedures on February 23, 2017, and suffered severe and debilitating injuries, including severe and debilitating bite injuries.

48.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY CISNEROS, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1  him, and has incurred expenses for emergent medical services, treatment, and care and

2  other medical services, treatment, and care in an amount according to proof at trial.

3      49.    As a further proximate result of the wrongful, intentional, and malicious

4  acts and omissions of Defendant DEPUTY CISNEROS, Plaintiff has lost earning

5  capacity in an amount according to proof at trial, and will lose wages and earnings in the

6  future in an amount according to proof at trial.

**FOR THE FOURTH CAUSE OF ACTION**

**(By Plaintiff TY HENSON Against All Defendants for Negligence**

**[Cal. Gov't Code §§ 815.2(a), 820(a)])**

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

10     50.    Plaintiff restates and incorporates by reference the foregoing paragraphs of

11  this Complaint as if set forth in full at this point.

12     51.    All claims asserted herein against the Defendant COUNTY are presented

13  pursuant to the Defendant COUNTY's vicarious liability for acts and omissions of

14  municipal employees undertaken in the course and scope of their employment pursuant

15  to California Government Code §§ 815.2(a) and 820(a).

16     52.    During the afternoon hours of February 23, 2017, Plaintiff was inside a

17  laundry room on the premises of a residential property located in or around the 21400

18  block of River Road when Defendant DEPUTY CISNEROS and two other Riverside

19  County Sheriff's Department deputies, while acting under color of state law and in the

20  course and scope of their employment with the Defendant COUNTY and the Riverside

21  County Sheriff's Department, negligently assessed the circumstances presented to them,

22  kicked in and/or otherwise forcibly opened the door to the room that Plaintiff was in

23  without identifying themselves as law enforcement officers outside the room or

24  otherwise announcing their presence outside the room or giving Plaintiff any warning,

25  and then proceeded to violently confront Plaintiff. When the involved deputies kicked in

26  and/or otherwise forcibly opened the door to the room that Plaintiff was in and violently

27  confronted Plaintiff, Plaintiff was lawfully on the premises of the residential property

28  located in or around the 21400 block of River Road, was not armed with any kind of

weapon, and had not committed any criminal offense.

53.    Without warning, Defendant DEPUTY CISNEROS proceeded to negligently and unjustifiably inflict physical injury upon Plaintiff by subjecting Plaintiff to the unreasonable and excessive deployment of a police canine, by failing and/or refusing to terminate the unreasonable and excessive deployment and use of the police canine, and by subjecting Plaintiff to the improper and excessive use of restraint procedures, which caused Plaintiff to suffer severe and debilitating bite injuries. Throughout the time in which Defendant DEPUTY CISNEROS was negligently and unjustifiably inflicting physical injury upon Plaintiff, Plaintiff was not resisting or fleeing from the involved deputies or the police canine, was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he had committed or was about to commit, any criminal offense, and was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat to the safety of any person. Plaintiff did nothing to justify the force used against him, and the same was excessive, unnecessary, and unlawful.

54.    Both prior to and during the time in which Defendant DEPUTY CISNEROS was negligently and unjustifiably inflicting physical injury upon Plaintiff, Plaintiff had committed no criminal offense, was not armed with any kind of weapon, and posed no reasonable or credible threat to the safety of Defendant DEPUTY CISNEROS, the police canine, or any other person. Both prior to and during the time in which Defendant DEPUTY CISNEROS was negligently and unjustifiably inflicting physical injury upon Plaintiff, Plaintiff was not resisting or fleeing from the involved deputies or the police canine, was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he had committed or was about to commit, any criminal offense, and was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat to the safety of any person. Both prior to and during the time in which Defendant DEPUTY CISNEROS was negligently and unjustifiably inflicting physical injury upon Plaintiff, Plaintiff made

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which Defendant DEPUTY CISNEROS was negligently and unjustifiably inflicting physical injury upon Plaintiff, Defendant DEPUTY CISNEROS was not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that Plaintiff posed a risk of injury to any person.

55.   Plaintiff is informed and believes, and thereupon alleges, that on and before February 23, 2017, Defendant DEPUTY CISNEROS had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of force, in the deployment and use of police canines, and in the use of restraint procedures, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching, arresting, searching, and/or attempting to detain unarmed, non-dangerous civilians and suspects, including persons present on or around residential premises. Notwithstanding each of these duties, Defendant DEPUTY CISNEROS failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently employing a tactical response to the situation involving Plaintiff that resulted in the infliction of unnecessary and preventable injury to Plaintiff, negligently failing to determine the fact that Plaintiff posed no threat to the safety of any person prior to and during the course of the events alleged herein, negligently inflicting physical injury upon Plaintiff, as described herein, negligently employing force against Plaintiff when the same was unnecessary and unlawful, negligently deploying and using a police canine when the same was unnecessary and unlawful, negligently failing and/or refusing to terminate the unreasonable and excessive deployment and use of the police canine, and negligently using improper and excessive restraint procedures. All of these negligent acts proximately caused Plaintiff's injuries, which include severe and debilitating bite

The
Cochran
Firm
California
4929 Wilshire Bl.
Suite 1010
(323)435-8205

injuries.

56.     As a direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff suffered severe and debilitating injuries, including severe and debilitating bite injuries.

57.     As a further direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

58.     As a further proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in an amount according to proof at trial.

59.     As a further proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff has lost earning capacity in an amount according to proof at trial, and will lose wages and earnings in the future in an amount according to proof at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.     For general and special damages in an amount according to proof at trial;

2.     For medical and related expenses according to proof at trial;

3.     For costs of suit incurred herein;

4.     For attorneys' fees incurred herein, as provided by law;

5.     For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

6.     For such other and further relief as the Court deems just and proper.

///

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

## JURY DEMAND

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

DATED: March 9, 2018          Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**


By: /s/ Brian T. Dunn
          BRIAN T. DUNN
          MEGAN R. GYONGYOS
          Attorneys for Plaintiff TY HENSON

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205